IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| THE BURTON CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>INCA EMPIRE CORPORATION,<br><br>    Defendant. | Civil Action No. 5:11-cv-305 |

## COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND

Plaintiff, The Burton Corporation ("Burton"), for its Complaint alleges:

### THE PARTIES

1.    Burton is a Vermont corporation with its principal place of business at 80 Industrial Parkway, Burlington, Vermont 05401.

2.    On information and belief, Defendant INCA Empire Corporation ("INCA") is an Oregon corporation having a place of business at 1850 North Shore Road, Lake Oswego, Oregon 97034.

### JURISDICTION AND VENUE

3.    This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 2201-2202.

5.    Venue is appropriate under 28 U.S.C. §§ 1391 and 1400.

6.    This Court has personal jurisdiction over INCA because INCA has taken actions specifically threatening a Vermont resident (Burton) with a lawsuit for alleged infringement of

INCA's patents (see below). In addition, on information and belief INCA has threatened at least one other Vermont resident with a lawsuit for alleged infringement of the same patents. Moreover, INCA maintains a website accessible in Vermont where it advertises its products allegedly covered by the relevant patents. Further, on information and belief INCA's products have been sold into, or have been used in, Vermont

## BACKGROUND

7. United States Patent No. 5,823,562 (the "'562 patent"), entitled "Snowboard," issued to Donald P. Stubblefield ("Stubblefield") on October 20, 1998. On information and belief, Stubblefield assigned his rights in the application that would issue as the '562 patent to North Shore Partners ("North Shore") on or around August 25, 1997. On information and belief, at some point North Shore either changed its name to INCA, or the '562 patent was assigned to INCA. A copy of the '562 patent is attached as Exhibit A.

8. United States Patent No. 6,394,483 B2 (the "'483 patent"), entitled "Snowboard Body," issued to Stubblefield on May 28, 2002. On information and belief, Stubblefield assigned his rights in the application that would issue as the '483 patent to North Shore on or around November 19, 1997. On information and belief, at some point North Shore either changed its name to INCA, or the '483 patent was assigned to INCA. A copy of the '483 patent is attached as Exhibit B.

9. On December 6, 2011, INCA (through counsel) wrote to Burton, contending that INCA's patent rights covered certain of Burton's snowboards. In particular, INCA alleged that Burton's snowboards incorporating the "Flying V" and "Camber Humps" features appeared to meet the limitations of several of the claims of the '562 patent, and that Burton's snowboards incorporating the "Negative Core Profile" feature appeared to meet the limitations of the claims

of the '483 patent. While INCA expressed interest in licensing its patent rights to Burton, it stated that it "is willing to enforce its patents through litigation if need be." A copy of this letter is attached as Exhibit C.

10. On December 23, 2011, Burton responded to this letter through its counsel. Burton stated its position that the '562 and '483 patents are invalid in view of the prior art, and provided an analysis of how the asserted patents read on certain prior art references. Burton also reserved its right to assert other defenses, including any other invalidity defenses, non-infringement, and unenforceability.

11. An actual and justiciable controversy exists between INCA and Burton with respect to the infringement, validity, and enforceability of the '562 and '483 patents.

## COUNT I
### (Declaratory Judgment of Non-Infringement of the '562 Patent)

12. The allegations of Paragraphs 1-11 are incorporated by reference.

13. Burton has not infringed and is not infringing, either directly or indirectly by inducement or contributory infringement, the '562 patent by making, using, offering to sell, or selling in the United States or importing into the United States any of its snowboards, including any snowboards incorporating the "Flying V" and "Camber Humps" features.

14. Burton is entitled to a declaratory judgment that it has not infringed the '562 patent.

## COUNT II
### (Declaratory Judgment of Non-Infringement of the '483 Patent)

15. The allegations of Paragraphs 1-14 are incorporated by reference.

16. Burton has not infringed and is not infringing, either directly or indirectly by inducement or contributory infringement, the '483 patent by making, using, offering to sell, or

selling in the United States or importing into the United States any of its snowboards, including any snowboards incorporating the "Negative Core Profile" feature.

17. Burton is entitled to a declaratory judgment that it has not infringed the '483 patent.

## COUNT III
### (Declaratory Judgment of Invalidity of the '562 Patent)

18. The allegations of Paragraphs 1-17 are incorporated by reference.

19. The '562 patent is invalid for failure to comply with the requirements of one or more of 35 U.S.C. § 101, *et seq.*

20. As an example, the Hooger Booger Blaster board ("HBB board") was sold in the United States more than one year before the earliest effective priority date of the '562 patent. The HBB board discloses, or renders obvious, all of the limitations of one or more of the claims of the '562 patent, and therefore anticipates the '562 patent under 35 U.S.C. § 102(b) and /or renders it obvious under 35 U.S.C. § 103(a).

21. Burton is entitled to a declaratory judgment that the '562 patent is invalid.

## COUNT IV
### (Declaratory Judgment of Invalidity of the '483 Patent)

22. The allegations of Paragraphs 1-21 are incorporated by reference.

23. The '483 patent is invalid for failure to comply with the requirements of one or more of 35 U.S.C. § 101, *et seq.*

24. As an example, Burton sold a Brushie model snowboard in 1994 that incorporated a "Negative Core Profile" feature. Burton also sold other snowboards in 1994 that included the same feature, including the 1994 Air 6.6 and the 1994 Twin 164 models. These boards were sold in the United States more than one year before the earliest effective priority date of the '483 patent. Any of these boards discloses, or renders obvious, all of the limitations of one or more of

the claims of the '483 patent, and therefore anticipates the '483 patent under 35 U.S.C. § 102(b) and/or renders it obvious under 35 U.S.C. § 103(a).

25. Burton is entitled to a declaratory judgment that the '483 patent is invalid.

## **RELIEF REQUESTED**

For the above reasons, Burton prays that the Court enter a judgment:

A. Declaring that the Court has jurisdiction over the parties and subject matter of this action;

B. Declaring that the '562 and '483 patents are invalid;

C. Declaring that Burton has not infringed and is not infringing the '562 or '483 patent;

D. Awarding Burton its costs and attorneys' fees, in accordance with 35 U.S.C. § 285, or other applicable law; and

E. Granting Burton such other and further relief as the Court deems just and proper.

## JURY DEMAND

Burton requests a trial by jury on all issues so triable.

                Respectfully submitted,

                THE BURTON CORPORATION

                By its attorneys,

Dated: December 23, 2011

R. Bradford Fawley
Fed. ID #000501763
bfawley@drm.com
DOWNS RACHLIN & MARTIN, PLLC
28 Vernon Street, Suite 501
P.O. Box 9
Brattleboro, Vermont 05302-0009
Tel.: (802) 258-3070
Fax.: (802) 258-4875

Of Counsel:
Michael A. Albert
malbert@wolfgreenfield.com
Hunter D. Keeton
hkeeton@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Tel.: (617) 646-8000
Fax: (617) 646-8646